CITY OF MIAMISBURG, APPELLEE, *v.* SMITH, APPELLANT.

(No. 7403—Decided April 8, 1982.)

*Mr. Gerald E. Gunnoe,* for appellee.

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. Kennedy Legler, III,* for appellant.

BROGAN, J. On May 4, 1981 appellant pled guilty in the Miamisburg Municipal Court to three counts of receiving stolen property under $150 in violation of Section 548.18 of the city ordinances of Miamisburg, Ohio. The offenses are first degree misdemeanors and each carries maximum penalties of a $1000 fine and six months in jail. The trial court without benefit of a presentence investigation sentenced the appellant to six months in jail and a $250 fine on each count. The court suspended one hundred twenty days incarceration on each count and placed the appellant on a probation of one year.

On May 5, 1981 appellant filed a "motion to modify sentence" which the trial court denied. Three weeks later appellant filed a "motion for a stay of sentencing," a "motion for hearing to set forth criteria considered in sentencing" and a "request for pretrial report." On June 2, 1981, the trial court denied the motions stating the court had considered all of the criteria for sentencing set forth in R.C. 2929.22.

On June 4, 1981, appellant filed a timely notice of appeal asserting one assignment of error.

"The trial court patently failed to consider the mandatory guidelines set forth in O.R.C. Section 2929.22 in imposing sentence on the defendant."

R.C. 2929.22, imposing sentence for misdemeanor, provides:

"(A) In determining whether to im-

pose imprisonment or a fine, or both, for misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine, the court shall consider the risk that the offender will commit another offense and the need for protecting the public therefrom, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.

"(B) The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for misdemeanor:

"(1) The offender is a repeat or dangerous offender;

"(2) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the offense.

"(C) The criteria listed in section 2929.12 of the Revised Code, favoring shorter terms of imprisonment for felony, do not control the court's discretion, but shall be considered against imposing imprisonment for misdemeanor.

"(D) The criteria listed in divisions (B) and (C) of this section *shall not be construed to limit the matters which may be considered in determining whether to impose imprisonment for misdemeanor.* [Emphasis added.]

"(E) The court shall not impose a fine in addition to imprisonment for misdemeanor, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, or the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.

"(F) The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court,

exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."

Prior to the enactment of R.C. 2929.22 in 1974, the Ohio Supreme Court enunciated the traditional principle that generally a trial judge's sentence is not reviewable where it is within statutory limits. *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22 [34 O.O.2d 13].

R.C. 2929.22 and 2929.12 were enacted as part of the new Criminal Code in Ohio in response to the criticism that trial courts possessed broad, unstructured, and largely unreviewable discretion. See, *e.g.,* Frankel, Lawlessness in Sentencing (1972), 41 Cin. L. Rev. 1. Indeed, not all judges exercise their discretion on the basis of the facts and circumstances of the case and the character and background of the offender but act out of bias, prejudice and preconceptions.

In *Woosley* v. *United States* (C.A. 8, 1973), 478 F. 2d 139, 144, the court stated:

"We reject the view that in all cases the trial judge's action is immune from review simply because we do not ordinarily review sentences within statutory limits. Although a trial judge possesses wide discretion in sentencing, he is not free to ignore sentencing guidelines established by the Supreme Court."

Indeed, although appellate courts generally will not review the exercise of a trial court's discretion in sentencing, the exercise of that discretion mandates a judicious consideration of the circumstances of each offense and of the offender. *United States* v. *Tucker* (1972), 404 U.S. 443; *Williams* v. *Oklahoma* (1959), 358 U.S. 576.

In 1978, the Court of Appeals for Hamilton County held that in imposing sentence, a trial court must give consideration to the factors set forth in R.C. 2929.22 and a failure to do so is an abuse

of discretion. Also it held that a court's statement that it has considered the factors set forth in R.C. 2929.22 is not sufficient where such statement is contradicted by the record. *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153 [11 O.O.3d 137].

In the matter *sub judice,* the appellant had no prior criminal record in Miamisburg Municipal Court or elsewhere. The appellant has been a local businessman in Miamisburg for some seven years. Testimony at the time of the plea of guilty indicated the appellant purchased several items, a stereo cassette tape deck, a pair of stereo ear phones, a pocket knife, matching cuff links, a double pearl ladies gold ring and two instant cameras. Appellant admitted he purchased these items from a sixteen-year-old juvenile and that he knew the items could have been stolen property. The evidence revealed that appellant used the items for his own personal use and not for resale to the public. The evidence also showed that the items purchased by the appellant were taken in residential burglaries by the sixteen-year-old.

The evidence also indicated the appellant, upon being confronted by the police that he was involved in purchasing stolen property, fully cooperated with the police investigation. Appellant also expressed to the court that he was sorry for the offenses and he acknowledged he had used bad judgment.

The trial court's sentence contains three aspects: a partial fine, some incarceration, and probation. The court could have sentenced the defendant-appellant to eighteen months in jail and a $3,000 fine. The defendant in fact received a substantially less severe punishment of a fine of $750 and a six-month sentence.

In considering the nature and circumstances of the offense, the trial court certainly could take in account the aggravating circumstance that the defendant was buying stolen property from a juvenile. Serious juvenile crime has been increasing at alarming proportions in recent years. Juveniles would have far less incentive to commit burglaries if they knew there would not be a ready buyer for their booty.

R.C. 2929.22(D) states "the criteria listed in divisions (B) and (C) of this section shall not be construed to limit the matters which may be considered in determining whether to impose imprisonment for misdemeanor." It would certainly seem appropriate for the trial court to consider "deterrence" as a factor in setting an appropriate sentence. The trial court might well have thought that some jail time for a businessman who buys stolen property from a juvenile would deter others in the community from similar conduct.

In any event, appellate courts should not disturb sentencing decisions of the trial courts unless there is a clear abuse of discretion. The sentence imposed in this case was well within the parameters of the criminal statute and the statute establishing the criteria for sentencing misdemeanants. Finding no abuse of discretion by the trial court, we overrule the assignment of error.

The judgment of the trial court is accordingly affirmed.

*Judgment affirmed.*

KERNS, P.J., and WEBER, J., concur.