PER CURIAM:
Defendant, Michael Mustaine, was indicted on one count of Domestic Violence in violation of R. C. 2919.25 (A). The offense was charged as a felony of the fifth degree because Defendant had previously been convicted of domestic violence. Defendant entered a no contest plea to the charge and was found guilty by the trial court. The trial court subsequently sentenced Defendant to ten months imprisonment.
Defendant timely appealed to this court from his conviction and sentence. His appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, certifying that a review of the record in this case had failed to reveal any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations, and allowed him sufficient time to object or otherwise respond pro se. No response has been received.
In his Anders brief, Defendant's appellate counsel commented upon one potential issue which might arguably support an appeal: the length of the sentence imposed by the trial court. Counsel readily concedes, however, that this issue lacks any merit. We agree.
The permissible sentence which may be imposed for a felony of the fifth degree is six to twelve months imprisonment. R.C.2929.14 (A). The ten month sentence that the trial court imposed in this case is within the permissible statutory range, and is neither the minimum nor the maximum sentence allowed by law.
Prior to sentencing Defendant, the court ordered a presentence investigation report. It is apparent that the trial court reviewed that report because at the time of sentencing the trial court remarked that the report recommended a prison sentence for Defendant. Moreover, the court stated that it was adopting the sentencing factors in R.C. 2929.12 that the probation department had found to apply to this Defendant.
Given that the trial court considered the applicable sentencing factors and imposed a sentence within statutory limits, we clearly cannot say that the trial court's sentence was an "abuse of discretion" as that term is defined by Ohio law. Toledo v. Reasonover (1965), 5 Ohio St.2d 22; Miamisburgv. Smith (1982), 5 Ohio App.3d 109; State v. Adams (1980),62 Ohio St.2d 151.
In addition to reviewing the issue discussed by Defendant's appellate counsel, we have also conducted an independent review of the record in this case. We find no prejudicial error in the proceedings of the trial court which deprived Defendant of a fair trial or infringed upon his constitutional rights.
The judgment of the trial court is Affirmed.
SO ORDERED.
 ------------------------------------- THOMAS J. GRADY, PRESIDING JUDGE
 ------------------------------------- JAMES A. BROGAN, JUDGE
 ------------------------------------- WILLIAM H. WOLFF, JR. JUDGE