JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, James Edwards, Jr., appeals from his conviction for receiving stolen property. For the reasons that follow, we affirm.
 {¶ 2} On July 16, 2004, Cleveland police officers Ryan and Butler observed defendant speeding in a Ford Ranger on East 55th Street in Cleveland. They stopped defendant and arrested him for driving with a suspended license. The officers later learned that the Ford Ranger was stolen. Someone took the owner's keys and stole the car from a parking lot on Aspinwall Avenue on July 15, 2004. The owner kept trailer license plates inside the car. When the officers stopped defendant, the trailer plates were on the vehicle and the plates registered to the Ford Ranger were on the floor inside the car. The owner's identification was strewn about the vehicle.
 {¶ 3} Defendant said he did not know the car was stolen. He claimed a friend at a bar gave him permission to drive the vehicle. He refused to disclose his friend's identity. The officers booked defendant for driving under suspension, speeding, and receiving stolen property. The next day, defendant changed his story and claimed a friend named "Dave" from the neighborhood lent him the car. While Dave had defendant's cell phone number, defendant claimed he did not know Dave's last name or where to find him. He claimed Dave lived in the Aspinwall Avenue area where defendant said he also lived in July 2004. At trial, defendant testified that Dave told him it was his boss's car but then said Dave was a freelance painter. Defendant's criminal history includes theft and receiving stolen property convictions. Defendant also testified that he had trouble recollecting the night he was arrested due to heavy marijuana abuse.
 {¶ 4} Defendant waived a jury trial. The court denied defendant's motion for acquittal and subsequently found defendant guilty. Defendant raises two assignments of error for our review.
 {¶ 5} "I. The State failed to present sufficient evidence to sustain appellant's conviction."
 {¶ 6} Defendant argues the trial court should have granted his motion for acquittal for two reasons: (1) failure to timely establish venue; and (2) failure to establish every element of the offense. We disagree.
 {¶ 7} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 8} Officer Ryan testified on direct examination that he observed defendant speeding and stopped his vehicle on East 55th and Woodland in Cleveland's Third District. The Officers arrested defendant for driving under suspension, speeding, and receiving stolen property. The owner of the stolen vehicle testified that his car was stolen on July 15, 2004 from his business on Aspinwall Avenue in Cleveland. The trial court sustained defendant's objection to Officer Scott's testimony concerning venue on re-direct. Officer Ryan again established venue on re-direct examination without objection by defendant.[1] Accordingly, venue was established.
 {¶ 9} Defendant also claims the State did not present sufficient evidence as to any element of receiving stolen property. "The elements of that crime require the State to prove that the defendant received, retained or disposed of the property of another, knowing or having reasonable cause to believe that the property was obtained through the commission of a theft. R.C. 2913.51 (A)." State v. O'Dell (1989)45 Ohio St.3d 140, 145.
 {¶ 10} Defendant argues that the evidence is lacking absent "outward signs" that the vehicle was stolen. We disagree. The victim established that the offender stole his keys and his car. Therefore, the perpetrator had no reason to break into the vehicle or "peel the column" in order to steal the car. Defendant was alone in the vehicle when the police stopped him. The plates had been removed and replaced with trailer license plates that were located inside the vehicle. The owner's identification was strewn about the vehicle. Defendants story that he obtained possession of the car from his friend Dave was totally uncorroborated. Defendant's protests that he did not know the car was stolen may have created an issue of fact but that does not warrant an acquittal under Crim.R. 29. Construing the evidence in a light most favorable to the State, a reasonable person could find that defendant knew or had reasonable cause to believe the car was stolen.
 {¶ 11} Assignment of Error I is overruled.
 {¶ 12} "II. The appellant's convictions are against the manifest weight of the evidence."
 {¶ 13} A reviewing court may find a verdict to be against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52. To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 14} We do not agree with defendant's position that the verdict is against the manifest weight of the evidence. As the State points out, defendant gave inconsistent statements to explain how he came into possession of the vehicle. And, there was no evidence to corroborate his testimony that Dave, who allegedly lent him the car, told him it belonged to his boss. The trial court explicitly found the testimony of Officer Ryan more credible than that of defendant, who reported having difficulty remembering the day in question due to drug abuse. The trial court did not find defendant's testimony credible and particularly his claim of not having seen the license plates on the floor of the vehicle. Having reviewed the entire record, we do not believe that the factfinder clearly lost its way in rendering its judgment.
 {¶ 15} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese, Jr., J., concur.
[1] See In re Jeffery Bailey (July 14, 1981), Lawrence App. No. 1472 (allowing venue testimony on re-direct is not error even when venue is not discussed on direct or cross-examination because there was no unfair surprise to defendant and another witness adequately proved venue in the case).