[Cite as *State v. Funderburke*, 2020-Ohio-3847.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO, : 

    Plaintiff-Appellee, : CASE NO. 19CA3689

    vs. :

DWAYNE K. FUNDERBURKE, : DECISION & JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

R. Jessica Manungo, Columbus, Ohio, for appellant[1].

Jeffrey C. Marks, Ross County Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 7-17-20
ABELE, J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Dwayne Funderburke, defendant below and appellant herein, guilty of receiving stolen property in violation of R.C. 2913.51(A).

{¶ 2} Appellant assigns one error for review:

> "THE TRIAL COURT VIOLATED DWAYNE FUNDERBURKE'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR RECEIVING STOLEN PROPERTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS 10 AND 16, OHIO CONSTITUTION; *STATE v. THOMPKINS,* 78 OHIO

---

[1] Different counsel represented appellant during the trial court proceedings.

ST.3D 38, 387, 678 N.E.2D 541 (1997); T.P. 112-116, 126; SENTENCING T.P. 4."

{¶ 3} In December 2018, a Ross County Grand Jury returned an indictment that charged appellant with one count of receiving stolen property in violation of R.C. 2913.51, a fourth-degree felony. At trial, Tammy Ellis testified that in the early morning hours of November 13, 2018, she could not find her Ford Focus in her apartment complex parking lot. Ellis explained that she had come home very late the previous night and may have dropped her keys, but the next morning did not see her keys or her vehicle. Ellis then called police. Ellis also did not know appellant and did not permit him to take her vehicle.

{¶ 4} Robert Bixler testified that he lives in Chillicothe and owns a 2005 Subaru with a temporary license plate. On November 21, 2018, Bixler's Subaru sat in his driveway when police informed him that they found his temporary tag attached to a stolen 2003 Ford Focus. Bixler did not know appellant and did not permit him to use his temporary tag.

{¶ 5} Chillicothe Police Officer Matthew Shipley testified that, while on patrol on November 21, 2018, he observed a 2003 Ford Focus westbound on Main Street when it "immediately hit the first available street." Shipley initially lost sight of the vehicle, but located it again within minutes. When the vehicle turned onto a dead end street, Shipley followed. Appellant then backed into a private drive, exited the vehicle, knelt at the rear of the vehicle, then walked toward Shipley. Shipley stated that appellant "appeared very nervous" and "advised that he was there to pick up a child in the area and had to go." Shipley testified that he stood with appellant 40 to 50 feet from the vehicle and, after a brief conversation, Shipley stated "I believe I said car stolen is it?" After Shipley advised appellant that he intended to check the license plate, appellant immediately walked

away and out of sight.   Officer Shipley soon discovered that Robert Bixler owned the temporary tag and Tammy Ellis owned the Ford Focus.   Shipley also testified that the vehicle's interior electronic window door panel had been pulled from the door and the stereo had been removed from the dashboard.

{¶ 6} At the close of the state's evidence, appellant made a Crim.R. 29 motion for judgment of acquittal.   The trial court overruled the motion.   After deliberation, the jury found appellant guilty as charged.   The trial court sentenced appellant to serve twelve months in prison, with 79 days of jail credit.   This appeal followed.

{¶ 7} In his sole assignment of error, appellant asserts that his receiving stolen property conviction is against the manifest weight of the evidence.

{¶ 8} "In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed."   *State v. Burris*, 4th Dist. Athens No. 16CA7, 2017-Ohio-454, ¶ 25, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, ¶ 11 (1997) and *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 119.   "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."   *State v. Dunn*, 4th Dist. Jackson No. 15CA1, 2017-Ohio-518, citations omitted.   A reviewing court should find a conviction against the manifest weight of the evidence only in the "'exceptional case in which the evidence weighs heavily against the conviction.'"   *Thompkins*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717

(1st Dist.1983); *accord State v. Lindsey*, 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000) and *State v. Waller*, 4th Dist. Scioto No. 15CA3683, 2016-Ohio-3077, ¶ 20.

{¶ 9} The offense of receiving stolen property is set forth in R.C. 2913.51:

(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

{¶ 10} In the case at bar, appellant admits that he possessed the vehicle, but asserts that he did not have "reasonable cause to believe" the vehicle had been stolen. In particular, appellant argues that knowledge that a vehicle is stolen may not be imputed from the mere possession of the vehicle. Furthermore, appellant contends that his behavior supports his claim that he did not know that the vehicle had been stolen.

{¶ 11} Although appellant argues that knowledge that the vehicle had been stolen should not be imputed from his mere possession of the vehicle, the United States Supreme Court, and the Supreme Court of Ohio, have both agreed that "possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen." *Barnes v. United States,* 412 U.S. 837, 839-40, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *accord State v. Arthur,* 42 Ohio St.2d 67, 68-69, 325 N.E.2d 888 (1975). Thus, in a prosecution for receiving stolen property, a jury may arrive at a finding of guilt when an accused's possession of recently stolen property is not satisfactorily explained in light of surrounding circumstances developed from the evidence. *Arthur, supra,* at 68. In *State v. Woodruff*, 4th Dist. Ross No. 07CA2972, 2008-Ohio-967, ¶ 9, citing *State v. Davis*, 49

Ohio App.3d 109, 112, 550 N.E.2d 966, we stated that "[a]bsent an admission by a defendant, the state must rely on circumstantial evidence to satisfy the reasonable cause to believe element. This element of the crime involves an objective test of the accused's knowledge. Thus, the jury must look at all the facts and circumstances to determine whether a person of ordinary prudence should have known the property was stolen. Some of the circumstances the fact finder can consider * * * are: 1) the accused's unexplained possession of the property; 2) the nature of the property; 3) the frequency with which such property is stolen; 4) the nature of the accused's commercial activity; and 5) the length of time between the theft and recovery of the property." It is important to recognize that a defendant may be convicted solely on the basis of circumstantial evidence. *State v. Nicely*, 39 Ohio St.3d 147, 529 N.E.2d 1236 (1998). Circumstantial evidence is defined as testimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved. *Id.* Intent must be inferred from the act and surrounding circumstances, including the acts and statements of a defendant surrounding the time of the offense. *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298.

{¶ 12} In *Woodruff,* the defendant possessed two license plates that belonged to a neighbor, but argued that the state failed to prove knowledge, or a reasonable belief, that the plates had been stolen. We wrote that "[t]his element of the crime involves an objective test of the accused's knowledge. Thus, the jury must look at all the facts and circumstances to determine whether a person of ordinary prudence should have known the property was stolen." *Woodruff* at ¶ 9, citing *State v. Hill*, 4th Dist. Pickaway No. 02CA11, 2002-Ohio-7368, ¶ 11. Although Woodruff asserted that his lack of an explanation for his possession of the stolen plates had no persuasive value because

the officer did not ask why he possessed the plates, we observed that Woodruff's attempt to conceal the plates after the police had arrived is a fact from which the jury could reasonably infer that Woodruff either knew, or should have known, that the license plates had been obtained by a theft offense. *Woodruff* at ¶ 12. Similarly, in the case at bar appellant backed into a private driveway and Officer Shipley testified that after appellant exited the vehicle, he "walked to the rear of the vehicle, knelt down, then stood [and] walked [in] Officer Shipley's direction."

{¶ 13} Appellant also contends that the fact that he did not immediately flee from the encounter indicates that he had no "reasonable cause to believe" that the vehicle had been stolen. In support, appellant cites *State v. Doyle,* 4th Dist. Pickaway No. 04CA23, 2005-Ohio-4072, when, after police observed Doyle driving a stolen truck, Doyle sped off and attempted to escape, first in the truck then on foot. *Doyle* at ¶ 35. We concluded that Doyle's behavior indicated that he knew, or had reasonable cause to believe, that the truck had been obtained in a theft offense. Here, although appellant did not immediately flee the encounter, appellant chose to leave the area after the officer's comment about the stolen vehicle.

{¶ 14} Appellant also cites *State v. Hill*, 2002-Ohio-7368, ¶ 3, when police signaled Hill to stop, Hill sped off, drove to a gas station, exited the vehicle and hid the ignition key. Hill, could not provide an address, phone number, or other information to contact the vehicle's owner to verify his claim that he had, in fact, permission to drive the vehicle. We determined that Hill's unexplained possession of property provided a sufficient basis for the trier of fact to infer guilty knowledge on the part of someone charged with receiving stolen property. *Hill* at ¶ 11.

{¶ 15} Appellant argues that, in the case sub judice, his behavior, unlike *Doyle* and *Hill,* does not indicate that he had reasonable cause to believe that the property has been obtained through

commission of a theft offense. Appellant points out that (1) he initially walked toward Officer Shipley and engaged in a short conversation; (2) when Shipley asked if the car had been stolen, at trial Shipley could not recall appellant's response; and (3) a reasonable officer would not permit appellant to simply walk away if he truly suspected the car had been stolen. However, our review of the evidence reveals that appellant first turned onto a street for no apparent reason, backed into a private driveway, and when asked if the car was stolen, walked away from the officer and the area entirely.

{¶ 16} Appellant also seeks to distinguish his case from *State v. Dahir*, 10th Dist. Franklin No. 19AP-371, 2020-Ohio-467. In *Dahir*, a law enforcement officer stopped the defendant, a security guard, for a traffic infraction. After smelling marijuana, police searched Dahir and found a stolen credit card. Dahir claimed that he found the card in a wallet during the course of his duties as a security guard and that he planned to return the card the next day. Dahir, however, "presented nothing at trial to substantiate that explanation which is facially questionable and was questioned by the trial judge as fact finder." *Id.* at ¶ 13. The court noted that Dahir's explanation for his possession of the recently stolen property, property frequently stolen and bears a cardholder's name, and is facially identifiable as lost or stolen, did not persuade the trier of fact. Similarly, in the case sub judice we find no viable explanation for appellant's possession of Ellis's vehicle with Bixler's temporary tag.

{¶ 17} Finally, appellant asserts that the absence of damage to the steering column, or damage to the vehicle's exterior, supports his claim that he did not know that the vehicle had been stolen. We recognize, however, that the vehicle did exhibit a dangling power window switch panel and a missing radio, facts that could alert a reasonable person that a vehicle may be stolen.

Moreover, in *State v. Edwards,* 8th Dist. Cuyahoga No. 85937, 2005-Ohio-6027, the defendant made a similar claim that the absence of steering column damage gave no "outward sign" that the vehicle had been stolen. The Eighth District concluded that the absence of steering column damage had little value because the vehicle's key had also been stolen. In the case sub judice, we point out that Ellis testified that she could not find her key. Thus, the key could have been taken along with the vehicle.

{¶ 18} In *State v. Jones,* 9th Dist. Summit No. 21789, 2004-Ohio-4326, the defendant drove a stolen vehicle and claimed that he purchased the vehicle for thirty dollars from a man named Donny. The court, however, observed that the car had been stolen a few nights before appellant's arrest, and that appellant's statements to the police, as well as appellant's unreasonable explanation that surrounded his possession of the vehicle, indicated that he had knowledge of the stolen vehicle. *Jones* at ¶ 10-12.

{¶ 19} In the case sub judice, after our review of the evidence we conclude that the evidence reveals that Officer Shipley recovered the stolen vehicle in appellant's possession, that Ellis did not give appellant permission to possess her vehicle, and Bixler did not give appellant permission to possess his temporary tag. Furthermore, although appellant argues that he did not attempt to escape, Officer Shipley testified that appellant did, in fact, take evasive action, both in the vehicle and when appellant walked away when Shipley asked questions about the stolen vehicle.

{¶ 20} Therefore, after our review of the entire record, we conclude that ample competent, credible evidence supports the jury's verdict that appellant received stolen property. The prosecution presented substantial credible evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established.

Moreover, a conviction is not against the manifest weight of the evidence even if the evidence is subject to different interpretation, or simply because the jury believed the prosecution testimony. *State v. Cooper*, 170 Ohio App.3d 418, 2007-Ohio-1186, 867 N.E.2d 493, *State v. Adams*, 2nd Dist. Greene Nos. 2013CA61, 2013-CA-62, 2014-Ohio-3432.

{¶ 21} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.