JOURNAL ENTRY AND OPINION
{¶ 1} Max Taogaga appeals from a resentencing order of Judge Kathleen A. Sutula that imposed a prison term of fifteen to forty years for his convictions on one count of aggravated burglary, seven counts of kidnapping, and two counts of aggravated robbery, all of which took place in January of 1996. He claims the judge did not have jurisdiction to impose sentence because she was improperly assigned to the case, that his convictions do not have evidentiary support, that his trial counsel was ineffective, and that the judge erred in sentencing him. The State argues that the sentencing was proper and that the other assignments cannot be raised in this appeal because they were resolved or should have been raised in earlier proceedings. We vacate the sentence and remand for resentencing.
 {¶ 2} The facts of this case have been stated and repeated in three earlier appellate opinions deciding issues in this case: (1) we affirmed Taogaga's convictions on his direct appeal;[1] (2) we granted Taogaga's App.R. 26(B) motion to reopen the case because of ineffective assistance of appellate counsel;[2] and (3) we dismissed Taogaga's reinstated appeal and remanded for resentencing.[3] Therefore, we will repeat the facts only briefly here.
 {¶ 3} On January 7, 1996, then 46-year-old Taogaga acted as a getaway driver for three others who broke into a home they mistakenly believed to be that of a bookmaker. The men held nine occupants of the home at gunpoint while they searched for money and, when they found none, they robbed the occupants. A jury found Taogaga guilty of one count of aggravated burglary, two counts of aggravated robbery, and seven counts of kidnapping, but it acquitted him of firearm specifications on all counts.
 {¶ 4} Although his offense occurred before the effective date of sentencing reforms enacted in 1996,[4] he accepted the judge's offer to sentence him under the reformed provisions, and she imposed eight-year prison terms on each of the nine counts. The sentences for the seven kidnapping counts were to be served consecutively, resulting in an aggregate prison term of fifty-six years.
 {¶ 5} The verdicts and sentences were affirmed on direct appeal,[5] but the appeal was later reopened under App.R. 26(B) and State v. Murnahan[6] after a finding that Taogaga should have been sentenced under the law that existed at the time the offense was committed,[7] and that his appellate counsel was ineffective for failing to raise the issue.[8] Taogaga attempted to voluntarily dismiss his reopened appeal after the State agreed to allow resentencing, and the judge resentenced him to an aggregate prison term of fifteen to forty years. That sentence was vacated on appeal, however, because the reopened appeal had not been properly dismissed at the time of resentencing.[9] After vacating the void sentence, the appellate panel entered an order that dismissed the reopened appeal and remanded for resentencing.[10]
 {¶ 6} On remand, the judge imposed prison terms of eight to twenty-five years on the aggravated burglary and aggravated robbery counts, and seven to fifteen years on each of the kidnapping counts. The judge ordered one of the kidnapping sentences to be served consecutive to the prison terms for the other offenses, resulting in an aggregate prison term of fifteen to forty years. Taogaga asserts six assignments of error, which are included in an appendix to this opinion.
 {¶ 7} He first claims that the judge had no authority to sentence him because the case was originally assigned to Judge Jose Villanueva, and was improperly transferred to her docket. The State argues that the case was properly transferred, but it also argues that Taogaga waived any error by failing to challenge the transfer earlier. We agree that the challenge to the transfer was untimely.
 {¶ 8} An improper transfer of a judicial assignment is voidable upon proper objection, and any orders of the improperly assigned judge are also voidable.[11] But if the court has jurisdiction, individual judicial assignment does not raise an issue of subject matter jurisdiction and, therefore, objection can be waived.[12] Any party who fails to object promptly will be deemed to have accepted the transfer.
 {¶ 9} By a journal entry dated April 7, 1998, this case was transferred to Judge Sutula, who presided over the trial, which began on April 8, 1998, and all subsequent proceedings. Taogaga apparently did not object to the transfer during the trial, on direct appeal, in his motion to reopen the appeal, or in the first attempted resentencing. He first raised the issue in a May 22, 2003, hearing held prior to the resentencing at issue here.[13]
 {¶ 10} The transfer occurred over five years before any objection was raised, and after Judge Sutula had presided over trial, sentencing, and an attempted resentencing. Moreover, Taogaga now objects only to her authority to sentence him, even though she presided at his trial. To be considered, such a challenge must be directed at the judge's authority to preside at trial as well as at sentencing, because it makes no sense to submit to trial under one judge while reserving the right to be sentenced by another. Because Taogaga has challenged only the judge's sentencing authority, and because the challenge was first raised five years later, we find he waived his right to object to the transfer. The first assignment of error has no merit.
 {¶ 11} Taogaga's next three assignments challenge the guilty verdicts, and we agree with the State that such challenges are not appropriate in this appeal. The law of the case doctrine requires courts to respect the mandate of earlier proceedings,[14] and this doctrine applies when an appellate court reviews a case that has been previously appealed.[15] The current appeal is from a resentencing hearing only, and issues concerning Taogaga's guilty verdicts fall within the law of the case doctrine, because those issues were or should have been addressed in the earlier appeals.
 {¶ 12} The opinion granting Taogaga's motion to reopen his direct appeal concerned only sentencing issues and, although that opinion did not expressly limit the reopened appeal to those issues, Taogaga's subsequent appeal was dismissed and the case was remanded for resentencing. Therefore, even if the opinion inTaogaga II did not "mandate" that the reopened appeal be focused solely on sentencing issues, the opinion in Taogaga III
precludes consideration of all other issues because it dismissed the appeal and remanded for resentencing only. The second, third, and fourth assignments are overruled.
 {¶ 13} Taogaga next contends that the judge imposed a harsher sentence on him as punishment for taking his case to trial instead of pleading guilty. At the May 22, 2003 hearing, Taogaga argued that the judicial transfer was improper and prejudicial because the originally assigned judge, after presiding throughout pretrial proceedings for both Taogaga and one of his codefendants, was more familiar with the case. The judge responded by stating:
i. "THE COURT: The co-defendant pled guilty. * * * God forbidI don't know the facts when somebody stands in front of me andpleads guilty as intimately as I do after a full-blown trial. Youknow that. You advise your clients that the judge won't know asmuch as she'll know when she hears all the witnesses. You knowthat.
* * *
i. There's a body of defense attorneys that agree with me andso advise their clients day in and day out, and the clients arewellserved by such advice. Because it is totally different whenyou see a victim break down on stand [sic] than if you read aboutit in black and white."
 {¶ 14} We first note that the judge's comments do not unequivocally show that she intended to punish Taogaga for his decision to go to trial. She made the remarks while explaining that she was qualified to impose sentence because she had presided at trial. Moreover, the statements were made at a hearing held prior to the actual resentencing hearing, which was not conducted until August 26, 2003.
 {¶ 15} The judge never specifically says, nor do her words imply, that she will punish him for his decision to go to trial. However, one must question what purpose these comments were meant to serve. They can serve no other purpose than to encourage him to plead guilty.[16] It is difficult to ignore the fact that Taogaga's co-defendants, who entered the home, brandished weapons, and held people hostage, each pleaded guilty and received a lesser sentence than Taogaga.[17]
 {¶ 16} We must also question the judge's one-sided focus on the impact of seeing a victim break down on the stand Her failure to note the impact that opposing witnesses might provide, however, indicates that the only purpose of the comment was to imply that going to trial was a greater risk of a harsher sentence.
 {¶ 17} Although the judge stated that she imposed a harsher sentence against Taogaga because of testimony concerning the nature of the offenses, another judge might have reasoned that Taogaga's participation deserved a lesser sentence because his participation was limited to driving the getaway car. Another judge might have determined that, even though the evidence showed Taogaga was aware of his co-defendants' intentions, he could not be held fully responsible for their conduct once inside, especially since he likely did not imagine that his co-defendants would enter the wrong house and terrorize, among others, an elderly, infirm couple and a child.
 {¶ 18} Certainly a defendant who chooses to go to trial should consider the possibility that testimony might reveal aggravating factors that might otherwise have been ignored, but the judge's comments give the appearance of a lack of neutrality. Even the appearance that a defendant is being punished for going to trial creates a chilling effect, and a record that allows such an inference requires remand for resentencing.[18]
 {¶ 19} In this case, the principal actors were allowed to plead guilty and testify against an aider and abettor, and the judge then imposed a harsher sentence on the abettor because of testimony concerning the cruelty of the principals' conduct. This consequence, coupled with the judge's comments, suggests that Taogaga was sentenced for his decision to go to trial, rather than for the extent of his participation in the offense. The fifth assignment is sustained.
 {¶ 20} Although our disposition of the fifth assignment requires remand for resentencing, we will also address the sixth assignment, because it also involves sentencing issues. Taogaga claims the judge abused her discretion in sentencing because she failed to consider the mitigating factors listed in former R.C.2929.12(C). Under the law prior to Senate Bill 2, a judge's sentencing decisions are reviewable for abuse of discretion, at least with respect to determining whether the judge properly followed statutory guidelines.[19]
 {¶ 21} Taogaga submitted a sentencing memorandum with a number of exhibits, including documents showing his good behavior in prison and his participation in rehabilitation programs. He also submitted an August 1, 2003 psychological assessment which indicated that, based on a multitude of factors, his risk of re-offending was low. The assessment stated that Taogaga had cognitive difficulties and lacked the insight to appreciate "potentially dangerous situations[,]" but it also stated that he did not exhibit signs of major mental illness, that he had positive and supportive interpersonal relationships, and that he had personality traits that would help him avoid recidivism.
 {¶ 22} The report listed eighteen factors relating to Taogaga's risk of re-offending, and it listed his risk as "low" with respect to fifteen of them, including four of the five factors listed as "major risk factors." His risk was reported as "medium" with respect to the "major risk factor" of substance abuse, because of his history of alcohol, cocaine, and steroid use. His employment history also rated a medium risk, and his aforementioned "lack of insight" rated a low-to-medium risk.
 {¶ 23} The judge stated that Taogaga's "lack of insight" showed that he still presented a danger to society, and she also stated that she had no duty to consider his behavior in prison when resentencing him. Nevertheless, she then stated that the reduction in sentence, from a fifty-six-year prison term to an indeterminate prison term of fifteen to forty years, had been imposed "in recognition of [his] evolving rehabilitation." She stated that the fifteen- to forty-year term did not represent the maximum sentence, that a lesser sentence would "demean the seriousness" of his offenses, and that Taogaga had committed the "worst form" of the offense.
 {¶ 24} The judge's use of language from the current statutory scheme makes it somewhat confusing to determine whether she employed the sentencing standards in effect prior to Senate Bill 2, but former R.C. 2929.12 allows a judge to consider factors beyond those listed. Therefore, the use of current statutory language does not, by itself, show that the judge failed to consider the factors listed in former R.C. 2929.12.
 {¶ 25} Under prior sentencing schemes, a judge had broad discretion to impose sentence, and an abuse of discretion would not be found if the sentence was statutorily authorized and the record did not indicate what evidence was considered in sentencing.[20] In 1974, the first version of former R.C.2929.12 was enacted to impose guidelines for sentencing, "in response to the criticism that trial courts possessed broad, unstructured, and largely unreviewable discretion."[21]
Although the factors listed in former R.C. 2929.12 are not exhaustive and do not control a judge's discretion, they were enacted to help ensure "a judicious consideration of the circumstances of each offense and of the offender."[22]
 {¶ 26} Former R.C. 2929.12 grants judges broad discretion in sentencing, but requires them to consider all statutorily listed factors before imposing sentence.[23] A judge is not authorized to consider only aggravating factors, but must consider mitigating evidence as well.[24] Although a silent record raises a presumption that the judge complied with the statutory requirements, a defendant can demonstrate an abuse of discretion by presenting affirmative evidence to the contrary.[25]
 {¶ 27} As noted, Taogaga presented a number of documents showing his good conduct and participation in rehabilitation programs while in prison, and he also presented a psychologist's report that rated his risk of recidivism as low. However, the judge stated that "there is nothing in the sentencing laws that say I have to come back seven years later and see how he has done, number one. It's at the time of the offense." This statement is incorrect.
 {¶ 28} Former R.C. 2929.12(C)(7) lists, as a potential mitigating factor, whether "[t]he offender is likely to respond quickly to correctional or rehabilitative treatment." Nothing in the statute limits the evidence on this issue to that available "at the time of the offense." In addition, former R.C. 2929.12(A) mandates that a judge consider "the history, character and condition of the offender" before imposing sentence. In a resentencing proceeding held years after the offense was committed, analysis of the offender's "character and condition" is appropriately construed to require analysis of his current condition; eliminating such evidence would deprive the judge of much relevant material.
 {¶ 29} If all sentencing considerations were limited to the time of the offense, a number of factors, both aggravating and mitigating, would be excluded, including the question of whether the defendant has expressed remorse or accepted responsibility for the offense. The judge cited Taogaga's failure to accept responsibility, or at least his delay in accepting responsibility, as an aggravating factor in sentencing and, ironically, she also used Taogaga's "lack of insight," as reported in the August 2003 psychological assessment, as an aggravating factor. Therefore, it appears that the judge's "time of the offense" criterion was not uniformly applied, but was instead used selectively to exclude mitigating evidence. The judge's statement that she was not required to consider Taogaga's conduct in prison was an abuse of discretion.[26]
 {¶ 30} Even though the judge also stated that she had reduced his sentence in consideration of his good behavior in prison, this statement does not accord with the facts and the law. Former R.C. 2929.41(E)(2) restricts the length of consecutive sentences, and states that "[c]onsecutive terms of imprisonment imposed shall not exceed * * * [a]n aggregate minimum term of fifteen years * * * for felonies other than aggravated murder or murder." Therefore, the fifteen-year minimum term imposed on Taogaga is the longest lawfully allowed.
 {¶ 31} Imposing the longest aggregate minimum term available contradicts the judge's statement that the reduced prison term was "in recognition of [his] evolving rehabilitation." Her comments inaccurately describe a mandatory sentence reduction by claiming it was an exercise of discretionary authority.
 {¶ 32} The judge was required to consider the factors listed in former R.C. 2929.12 "[i]n determining the minimum term of imprisonment to be imposed * * *." Therefore, even though she reduced the maximum length of Taogaga's sentence from fifty-six to forty years, the judge did not provide the consideration required under former R.C. 2929.12. Had the judge truly recognized mitigating evidence and reduced Taogaga's sentence in response, as she claimed, the effect should be seen in the minimum term, as required by the statute.
 {¶ 33} Furthermore, the reduction in the maximum term is insignificant in light of Taogaga's age. A previous panel recognized that the fifty-six-year term was "a de facto life sentence"[27] and the current forty-year maximum provides only slight relief to a defendant who was forty-six years old at the time of the offense. Therefore, the reduction of Taogaga's maximum term did not provide meaningful relief.
 {¶ 34} Because the judge found it unnecessary to consider Taogaga's mitigating evidence, and because she also claimed that a mandatory sentence reduction was the result of her consideration of that evidence, we find the judge abused her discretion in applying former R.C. 2929.12. The sixth assignment is sustained.
 {¶ 35} The sentence is vacated and case remanded for resentencing.
 APPENDIX — ASSIGNMENTS OF ERROR "I. THE TRIAL JUDGE DID NOT HAVE AUTHORITY TO SENTENCE MR.TAOGAGA TO A PRISON TERM, SINCE SHE WAS NOT THE JUDGE ORIGINALLYASSIGNED TO THE CASE, AND APPELLANT TIMELY OBJECTED TO THESENTENCING.
 II. THE APPELLEE'S [SIC] CONVICTIONS WERE AGAINST THE MANIFESTWEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIM.R. 29MOTION FOR ACQUITTAL ON THE CHARGES WHERE THE EVIDENCE WASINSUFFICIENT TO SUPPORT THE CONVICTIONS.
 IV. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL,HIS RIGHT TO A FAIR TRIAL, AND PRESUMPTION OF INNOCENCE BYDEFENSE COUNSEL'S COMMENTS, IN THE PRESENCE OF THE JURY, THAT THEDEFENDANT WAS IN JAIL.
 V. THE TRIAL COURT IMPROPERLY CONSIDERED AS A FACTOR WEIGHINGIN FAVOR OF MORE STRINGENT SENTENCE, THE DEFENDANT'S EXERCISE OFHIS RIGHT TO BE TRIED BY A JURY, RATHER THAN ENTERING INTO A PLEABARGAIN.
 VI. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TOCONSIDER PRE-SENATE BILL 2 GUIDELINES, WHICH WOULD HAVE DICTATEDIMPOSING A SHORTER MINIMUM SENTENCE."
It is ordered that the appellant recover from appellee costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., Concur.
 Celebrezze Jr., J., concurs in judgment only.
[1] State v. Taogaga (Dec. 2, 1999), Cuyahoga App. No. 75055 (Taogaga I).
[2] State v. Taogaga (Dec. 11, 2000), Cuyahoga App. No. 75055, Motion No. 14958 (Taogaga II).
[3] State v. Taogaga, Cuyahoga App. No. 79845, 2002-Ohio-5062 (Taogaga III).
[4] Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ("Senate Bill 2").
[5] Taogaga I.
[6] (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
[7] State v. Rush, 83 Ohio St.3d 53, 1998-Ohio-423,697 N.E.2d 634, paragraph two of the syllabus.
[8] Taogaga II.
[9] Taogaga III, 2002-Ohio-5062 at ¶ 36.
[10] Id. at ¶ 37.
[11] Berger v. Berger (1981), 3 Ohio App.3d 125, 130, 3 OBR 141, 443 N.E.2d 1375.
[12] Id.; State v. Pecina (1992), 76 Ohio App.3d 775, 778,603 N.E.2d 363; cf. State ex rel. Kline v. Carroll,96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, at ¶ 24-27 (improper transfer to another court raises issue of subject matter jurisdiction).
[13] At the May 22, 2003, hearing, the judge heard and rejected Taogaga's challenge to the judicial assignment, but she continued the resentencing hearing until August 26, 2003.
[14] Nolan v. Nolan (1984), 11 Ohio St.3d 1, 11 OBR 1,462 N.E.2d 410, syllabus.
[15] Id. at 3.
[16] See, also, State v. Gaston, Cuyahoga App. No. 82628, 2003-Ohio-5825, at ¶ 12-19 (expressing similar concerns about the same judge).
[17] Gilberto Maldonado received a prison term of four to fifteen years and was granted judicial release in 2000; Paul Solnick received a prison term of ten to twenty-five years, although that sentence was imposed consecutive to a prison term for a separate offense.
[18] Id. at 621, citing United States v. Medina-Cervantes
(C.A.9, 1982), 690 F.2d 715, 716-717.
[19] State v. Grigsby (1992), 80 Ohio App.3d 291, 302,609 N.E.2d 183; Miamisburg v. Smith (1982), 5 Ohio App.3d 109,110-111, 5 OBR 225, 449 N.E.2d 500. Despite the deferential standard of review, however, we note that under former R.C.2953.02, defendants have a right to appeal sentences imposed under pre-Senate Bill 2 standards.
[20] Toledo v. Reasonover (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, syllabus.
[21] Smith, 5 Ohio App.3d at 110.
[22] Id. (Citations omitted.)
[23] State v. Flors (1987), 38 Ohio App.3d 133, 140,528 N.E.2d 133.
[24] Id.; State v. Crouse (1987), 39 Ohio App.3d 18, 20,528 N.E.2d 1283.
[25] Grigsby, 80 Ohio App.3d at 303.
[26] Flors, supra.
[27] Taogaga II.