The STATE of Ohio, Appellant,

v.

BRESSLER, Appellee.

[Cite as *State v. Bressler*, 167 Ohio App.3d 772, 2006-Ohio-3632.]

Court of Appeals of Ohio,
Third District, Van Wert County.

No. 15-05-19.

Decided July 17, 2006.

Jill T. Leatherman, Van Wert City Law Director, for appellant.

Steven L. Diller, for appellee.

BRYANT, Presiding Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, brings this appeal from the judgment of the Municipal Court of Van Wert County suppressing the evidence obtained as a result of a traffic stop of Raymond E. Bressler.

{¶ 2} On December 19, 2004, Van Wert Police Officer Weigle observed Bressler pull into a Marathon gas station. Weigle knew Bressler from an arrest in the prior year. Weigle chose to follow Bressler. Weigle observed Bressler weaving within his own lane of traffic on slick and snow-covered roads. During the observation period, Bressler encountered two traffic lights and a four-way stop, made one left turn, and then made a right turn. At all times, Bressler remained in his own lane, stopped when required, and used appropriate turn signals. While making the right turn, Bressler allegedly went over the curb. Weigle testified at the hearing that the snow completely covered the curb and the grass area. No lane markings were visible. The only way Weigle knew Bressler went over the curb was the rise and fall of the right side of the vehicle during the turn. Weigle then activated his pursuit lights and stopped Bressler.

{¶ 3} As Weigle approached the car, he testified, he observed furtive movements by Bressler towards the console. Two passengers were in the car. Upon reaching the vehicle, Weigle did not ask Bressler to produce his license and registration. Instead, Weigle ordered Bressler out of the vehicle. Weigle then turned his back to Bressler, reached into the vehicle in which the passengers still sat, and retrieved a clean glass vial from the console area. No permission to search was sought from, or given by, Bressler. No communication was made with either passenger. Weigle then arrested Bressler for possession of drug paraphernalia.

{¶ 4} On December 20, 2004, Bressler was charged with failure to stay in a marked lane and operating a motor vehicle under the influence ("OVI"). Bressler entered pleas of not guilty to all charges. On January 27, 2005, Bressler filed a motion to suppress. A hearing on the motion was held on March 15, 2005. At the hearing, Weigle testified that he did not notice the smell of alcohol on Bressler, in the vehicle, or on any of the passengers. He also testified that no field sobriety tests were requested at the scene. Weigle testified that he arrested Bressler for possession of drug paraphernalia, but no such charge was filed. Weigle also testified that he saw what he believed to be "part of a joint," but he did not know whether a joint was what was there. After taking the testimony of Weigle, the trial court ordered that both parties file memorandums of law in support for their claims. On December 16, 2005, the trial court entered judgment finding the facts as stated above and finding that there was no reasonable basis for the stop and no reasonable basis for the search of the

vehicle.[1] Based upon these findings, the trial court granted the motion to suppress and dismissed the case. The state now appeals and raises the following assignments of error:

The trial court erred in finding lack of probable cause to stop [Bressler].

The trial court erred by ordering dismissal of [Bressler's] OVI case.

{¶ 5} The first assignment of error alleges that the trial court erred in finding a lack of probable cause to stop Bressler. When reviewing the findings of fact in a motion to suppress on appeal, the court of appeals is limited to determining whether the trial court's findings are supported by some competent, credible evidence. *State v. Doss*, 8th Dist. No. 80365, 2002-Ohio-3103, 2002 WL 1349130, at ¶ 8. The evaluation of evidence and determination of credibility of witnesses are within the sound discretion of the trial court. *State v. Jackson*, 107 Ohio St.3d 300, 2006-Ohio-1, 839 N.E.2d 362. Having accepted the findings of fact, the appellate court then independently evaluates whether the law was applied correctly to those facts. *Doss*, supra.

{¶ 6} In this case, the issue is whether Weigle had probable cause to stop Bressler. The state presented the testimony of Weigle that he observed the car's right side go up and down as the vehicle went over the curb. This is the sole basis for the stop. However, Weigle testified that the scene of the traffic incident was snow-covered and slick. The state argues that since Weigle did not directly testify that the curb was not visible, the trial court erred in so finding. However, Weigle did not testify that the lane demarcations to the right of the traffic lane or the curb itself was visible under the snow. Instead, he testified that solely because of the movements of the vehicle, he suspected that Bressler had hit the curb. He did not testify that he could see the curb himself, only that he did not hit it.[2] Based upon this evidence, the trial court's finding of fact that the lane marker and curb were not visible is reasonable. Weigle testified that there was no other basis for a stop. Although Weigle testified to a great deal of other evidence, he did not present any other evidence about the basis for the initial stop. All of the additional testimony concerned matters occurring after the stop. Based upon the trial court's findings of fact, the conclusion of law that the stop was not reasonable is supported by the evidence. Once the stop is found to be without a reasonable basis, any actions following the initial stop are irrelevant because they would not have occurred absent the stop. Thus, the trial court did

---

1. The state and Bressler both point to additional testimony in the record. A review of the record reveals several instances of inconsistencies in Weigle's testimony.

2. Weigle testified that Bressler could have avoided the curb because Weigle did not hit the curb when he followed Bressler. Of course, Weigle had the benefit of the tire tracks in the snow made by Bressler as he went over the curb and could swing wide of them.

not err in granting the motion to suppress the results of the search arising from the stop. The first assignment of error is overruled.

{¶ 7} Next, the state claims that the trial court erred in dismissing the case sua sponte. The state has seven days in which to appeal the granting of a defendant's motion to suppress. Crim.R. 12(K). Here, the trial court immediately dismissed the charges arising from the stop. The trial court erred in not allowing the state an opportunity to appeal the granting of the motion to suppress prior to dismissing the case. *State v. Mook*, 11th Dist. No. 2001–T–0057 and 2001–T–0058, 2002-Ohio-6693, 2002 WL 31744758. Although the trial court erred in dismissing the case, the error is harmless in this case.

When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that both of the following apply:

(1) the appeal is not taken for the purpose of delay;

(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

\* \* \*

If an appeal pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal.

Crim.R. 12(K). Here, the state certified that it cannot proceed with the prosecution of these charges without the evidence from the stop; as required by the rules. This court, as previously discussed, affirmed the holding of the trial court suppressing the evidence. Thus, the state is barred by Crim.R 12(K) from prosecuting these offenses. While the trial court did err in prematurely dismissing the charges, this error was harmless in this case. The second assignment of error is overruled.

{¶ 8} The judgment of the Municipal Court of Van Wert is affirmed.

Judgment affirmed.

SHAW, J., concurs.

CUPP, J., concurs in judgment only.