JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Alphonso Howard, appeals his plea from the Cuyahoga County Court of Common Pleas. Finding merit to his appeal, we vacate his plea and remand the case.
 {¶ 2} In November 2005, Howard pled guilty to domestic violence, in violation of R.C. 2919.25, a felony of the fourth degree. At the plea hearing, the trial court informed Howard that he could receive six to eight months in prison for a felony of the fourth degree. Howard pled guilty. At sentencing, Howard was sentenced to seventeen months in prison. Howard appeals, advancing one assignment of error for our review, which states the following:
 {¶ 3} "I. The trial court erred in accepting appellant's plea, since without full compliance with Crim.R. 11(C)(2), the appellant's plea was neither knowingly, voluntarily, nor intelligently made."
 {¶ 4} Howard argues and the state concedes that his plea must be vacated because he was incorrectly advised of the maximum sentence he could receive for a felony of the fourth degree.
 {¶ 5} Crim.R. 11(C)(2) states as follows: "In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximumpenalty involved * * *." (Emphasis added.) Substantial compliance *Page 4 
with Crim.R. 11(C)(2) is the standard. State v. Stewart (1977),51 Ohio St.2d 83, 92-93. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. State v.Nero (1990), 56 Ohio St.3d 106, 108, citing Stewart, supra. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Id.
 {¶ 6} In State v. Lumpkin, Cuyahoga App. No. 86177, 2006-Ohio-1334, the trial court mistakenly advised the defendant at the plea hearing that one of the crimes for which he was pleading guilty was a felony of the fifth degree, punishable by six to twelve months in prison. In actuality, the defendant was pleading guilty to a felony of the fourth degree, punishable by six to eighteen months in prison. At sentencing, the defendant was sentenced to fifteen months in prison for the felony of the fourth degree. Since it was the trial court's duty under Crim.R. 11 to address the defendant personally, setting forth the nature of the charges and the maximum penalty involved, we vacated the defendant's conviction, and remanded the case.
 {¶ 7} In the present case, the transcript reveals that the court advised Howard as follows:
 "If I choose a prison sentence, for Mr. Howard [it] will be six months or seven months, all the way up to eight months in Lorain Correctional. I get to pick the number of months. You have to serve every day of it." *Page 5 
We believe that the most likely explanation for this error is that it occurred during transcription, as this is a highly experienced and knowledgeable trial judge who no doubt knows the applicable law. Nevertheless, we are confined to the certified transcript of what purportedly was said. Thus, according to the record before us, we reluctantly must find that the trial court erred when it advised Howard that the maximum sentence for a felony of the fourth degree was eight months in prison when the maximum possible sentence is eighteen months in prison. As a result, Howard's plea was not knowingly, intelligently, and voluntarily entered into. Accordingly, we sustain Howard's sole assignment of error.
Vacated and remanded.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, JUDGE FRANK D. CELEBREZZE, JR., A. J., and
 MARY EILEEN KILBANE, J., CONCUR *Page 1