OPINION
{¶ 1} Appellant, Stanley T. Smith, appeals from the judgment entry of the Ashtabula County Court of Common Pleas sentencing him to prison on five counts of trafficking in drugs. At issue is whether the court's imposition of a consecutive sentence is unconstitutional. For the reasons that follow, we affirm.
 {¶ 2} On May 9, 2003, appellant was indicted by the Ashtabula County Grand Jury on seven counts of drug trafficking resulting from controlled drug buys made by the Trumbull, Ashtabula, and Geauga Law Enforcement Task Force ("T.A.G.") from *Page 2 
appellant. The drug buys were set up by T.A.G., and took place at appellant's residence in Jefferson, Ohio. The buys occurred on September 18, 2002; September 19, 2002; October 3, 2002; October 10, 2002; and November 13, 2002. Appellant was charged with trafficking in drugs on September 18, 2002, to-wit: 1.44 grams of methamphetamine, a schedule II controlled substance, in violation of R.C. 2925.03, a felony of the fourth degree (Count One); trafficking in drugs on September 18, 2002, to-wit: 10.6 grams of hydrocodone, a schedule II controlled substance, in violation of R.C. 2925.03, a felony of the fourth degree (Count Two); trafficking in drugs on September 19, 2002, to-wit: 7.62 grams of hydrocodone, a schedule II controlled substance, in violation of R.C.2925.03, a felony of the fourth degree (Count Three); trafficking in drugs on September 19, 2002, to-wit: 17.7 grams of marijuana, a schedule I controlled substance, in violation of R.C. 2925.03, a felony of the fourth degree (Count Four); trafficking in drugs on October 3, 2002, to-wit: 1.40 grams of methamphetamine, a schedule II controlled substance, in violation of R.C. 2925.03, a felony of the fourth degree (Count Five); trafficking in drugs on October 10, 2002, to-wit: 2.28 grams of methamphetamine, a schedule II controlled substance, in violation of R.C. 2925.03, a felony of the fourth degree (Count Six); and trafficking in drugs, to-wit: 3.05 grams of methamphetamine, a schedule II controlled substance, in violation of R.C. 2925.03, a felony of the third degree (Count Seven). Prior to the beginning of trial, the state dismissed Counts Three and Four.
 {¶ 3} At trial, Detective Scott Daniels, who was employed by the Ashtabula County Sheriffs Office and assigned to T.A.G., testified that he was the agent in charge of setting up the controlled buys involved in this case between the confidential informant *Page 3 
and appellant. After each controlled buy, the methamphetamine and/or hydrocodone (vicodin) pills that were purchased by the informant from appellant were taken into custody by Daniels.
 {¶ 4} With respect to Count One and Count Two, on September 18, 2002, the confidential informant arrived at appellant's residence, and the two discussed the informant's purchase of methamphetamine. The informant paid appellant $180 for that drug. The informant also purchased twenty-five hydrocodone (vicodin) pills for $120.
 {¶ 5} With respect to Count Five, on October 3, 2002, the informant purchased methamphetamine from appellant at his residence for $180. As to Count Six, on October 10, 2002, the informant purchased methamphetamine from appellant at his residence for $280.
 {¶ 6} With respect to Count Seven, on November 13, 2002, the informant purchased methamphetamine from appellant at his residence for $180.
 {¶ 7} The jury returned a guilty verdict on Counts One, Two, Five, Six, and Seven. Appellant was sentenced to one year prison terms on each of Counts One, Two, Five, and Six and a four year prison term on Count Seven. The sentences were to be served concurrently, but consecutively to sentences imposed by the trial court in an unrelated criminal case, Case No. 2004-CR-121. In that other case appellant had been sentenced to six years in prison on various drug-related charges, each of which was ordered to be served concurrently.
 {¶ 8} Following his conviction in this case, appellant appealed inState v. Smith, 11th Dist. No. 2004-A-0089, 200-Ohio-5187, ("SmithI "), challenging various matters including his sentence. In that case this court affirmed the guilty finding, but reversed *Page 4 
the sentencing and remanded the case for resentencing to the trial court pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. This court held the sentence in Smith I to be void because the trial court made judicial findings of fact before imposing a consecutive sentence.
 {¶ 9} Appellant was resentenced by the trial court on November 1, 2006. At that hearing the trial court stated that in Foster the Supreme Court held that the findings of fact required by S.B. 2 were unconstitutional, and that the trial court would now consider the findings made during the original sentencing as guidelines in the resentencing.
 {¶ 10} The court then asked appellant's counsel if he had any comments, and he did not object to the court's recitation. Counsel stated that what had formerly been required as findings of fact were now a "suggested guideline" that the court is "advised," but not required, to follow. Counsel asked the court to review R.C. 2929.14(E)(4), and stated that he did not believe consecutive sentences were necessary to protect the public; that consecutive sentences were disproportionate to the seriousness of appellant's conduct; and that the harm appellant caused was not so great that one prison term would not suffice.
 {¶ 11} The court acknowledged counsel's request, and stated that it had reviewed R.C. 2929.14(A), (B), (C), and (E). The court considered the purposes of felony sentencing under R.C. 2929.11. It noted appellant was not amenable to any available community control sanction, and that a term of imprisonment was consistent with the purposes of sentencing under R.C. 2929.11. Further, the court stated it had balanced the recidivism and seriousness factors of R.C. 2929.12. It stated that *Page 5 
recidivism was likely, and that the more serious factors outweighed the less serious factors.
 {¶ 12} The court imposed the same sentence it had imposed during the original sentence: one year terms on each of Counts One, Two, Five, and Six and a four year term on Count Seven. Appellant appeals the trial court's judgment entry resentencing him, asserting two "arguments." Appellant failed to identify any assignments of error. App.R. 16(A) provides: "The appellant shall include in its brief * * * all of the following: * * * (3) A statement of the assignments of error presented for review * * *." In the interest of justice, we will consider each "argument" asserted by appellant to be an assignment of error. For his first assignment of error, appellant states:
 {¶ 13} "THE TRIAL COURT IMPROPERLY RELIED UPON FACTS NOT PROVEN TO A JURY BEYOND A REASONABLE DOUBT OR ADMITTED BY THE DEFENDANT AS BASIS [SIC] FOR THE IMPOSITION OF CONSECUTIVE SENTENCES."
 {¶ 14} Appellant argues that while the trial court stated it would consider the findings of fact it made during the original sentencing as guidelines in the resentencing, even this use violates Foster. We do not agree.
 {¶ 15} The court in Foster held:
 {¶ 16} "Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional. *Page 6 
 {¶ 17} "R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial factfinding is not required before imposition of consecutive prison terms.
 {¶ 18} "* * *
 {¶ 19} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra, at paragraphs three, four, and seven of the syllabus. (Citations omitted.)
 {¶ 20} The range of prison terms available for a fourth-degree felony is from six to eighteen months. R.C. 2929.14(A)(4). The range of prison terms available for a third degree felony is from one to five years, and a prison term within this range was mandatory in the case sub judice. R.C. 2929.14(A)(3). The prison terms imposed by the trial court were within these statutory ranges. It was thus within the court's discretion to run the sentences imposed in this case consecutive to the sentence imposed in Case No. 2004-Cr-121.
 {¶ 21} Further, the court in Foster held:
 {¶ 22} "The second general statute, R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider,along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider." Id. at ¶ 37. (Emphasis added.) *Page 7 
 {¶ 23} The trial court stated that it would use its previous findings as guidelines during appellant's resentencing. It did not use them to augment appellant's sentence. In Foster, those portions of Ohio's felony sentencing scheme mandating judicial fact-finding in order to increase a defendant's sentence beyond the statutory maximum were found unconstitutional, declared void, and formally excised. Here, the trial court, in resentencing appellant post-Foster, did not engage in impermissible judicial fact-finding. In fact, after Foster, such an exercise would be impossible because the statutes which formerly mandated this exercise were severed, thereby eliminating the possibility of compromising a defendant's Sixth Amendment rights. Id. at paragraphs two, four, and six of the syllabus.
 {¶ 24} Nothing in Foster precludes a trial court from considering any factors deemed relevant in achieving the principles and purposes of sentencing, including, in this case the findings of fact made in the original sentence. While Foster does not require the trial court to state the reasons for its sentence, there is nothing in Foster which precludes a court from doing so. As a result, we do not agree that the trial court erred in considering its previous findings of fact as guidelines during appellant's resentencing.
 {¶ 25} However, we note that while appellant was given ample opportunity to object to his sentence, he failed to do so.
 {¶ 26} Several Ohio appellate districts have held that the traditional doctrine of waiver applies to claims that sentencing statutes violateBlakely v. Washington (2004), 542 U.S. 296, where the sentencing took place after the announcement of that decision. In Blakely, the court held that "the `statutory maximum' * * * is the maximum sentence a *Page 8 
judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303-304.
 {¶ 27} In State v. Cook, 10th Dist. No. 05AP-515, 2006-Ohio-3443, the Tenth Appellate District held that the defendant waived any Sixth Amendment Blakely claim as he did not raise the argument in the trial court. The defendant was sentenced one year after the announcement of the decision in Blakely, but before the decision in Foster. The court held there is no reason why "ordinary prudential doctrines," such as waiver, may not be applied in cases where Blakely error could have been raised, but was not raised in the trial court. Id. at ¶ 47. In support of its decision, the court held it is well-settled that the failure to raise in the trial court the constitutionality of a statute when the issue is apparent, is a waiver of that issue and need not be heard for the first time on appeal.
 {¶ 28} The Ninth Appellate District also held waiver to apply in this context in State v. Dudukovich, 9th Dist. No. 05CA008729,2006-Ohio-1309. In that case the court held the defendant had not preserved his right to challenge his sentence based on the constitutionality of the Ohio statutes because he was sentenced afterBlakely was decided and did not raise such challenge in the trial court. The court held that the defendant was thus precluded from raising such a claim for the first time on appeal. Id. at ¶ 24.
 {¶ 29} The Ninth District noted that the Supreme Court inFoster rejected the state's argument regarding waiver in holding: "Foster could not have relinquished his sentencing objections as a known right when no one could have predicted that Blakely would extend theApprendi doctrine to redefine `statutory maximum.'" Foster at ¶ 31. *Page 9 
The Ninth District held that since Blakely was decided on June 24, 2004, and Dudukovich was sentenced on April 28, 2005, the Foster holding that rejected the state's waiver argument was inapplicable.Dudukovich at ¶ 22.
 {¶ 30} The Ninth District found guidance in the following holding of the Supreme Court in United States v. Booker (2005), 543 U.S. 220: "* * * [W]e expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the `plain error test.'" Id. at 268.
 {¶ 31} The Eighth Appellate District has also held the doctrine of waiver applies to a Sixth Amendment Blakely challenge. In State v.Pinkney, 8th Dist. No. 88357, 2007-Ohio-1721, the trial court had conducted a sentencing hearing on September 20, 2005, at which it made findings of fact pursuant to R.C. 2929.14(C), and imposed a maximum sentence. On June 27, 2006, the defendant filed a motion for a delayed appeal, which was granted. The defendant argued his sentence violatedFoster. The court held that because the defendant never challenged the constitutionality of Ohio's sentencing statutes in the trial court, he was prohibited from raising such an argument for the first time on appeal. Id. at ¶ 16.
 {¶ 32} In contrast, we note the Second Appellate District, by remanding a case where a defendant had not raised the issue, impliedly held the waiver doctrine does not apply to challenges made pursuant toFoster. State v. Miller, 2d Dist. No. 21054, 2006-Ohio-1138. The Second District did not analyze the issue or offer any reasoning in support. Further, this court recently remanded a case pursuant toFoster, although defense counsel did not raise a Blakely challenge before the trial court. In that case, *Page 10 
however, this court did not address the waiver issue. State v.Williams, 11th Dist. No. 2004-A-0052, 2006-Ohio-2008.
 {¶ 33} We find the reasoning of the Eighth, Ninth and Tenth Districts to be persuasive. The holdings of those courts apply with greater force here because Foster had already been decided at appellant's resentencing. Appellant was therefore on notice of the Foster decision at the time of the resentencing hearing, and never objected to the court's reference to its previous findings of fact. Appellant offers no explanation as to why he failed to raise the issue at his resentencing. As a result, we hold that appellant waived his right to raise such argument for the first time on appeal.
 {¶ 34} Appellant's first assignment of error is not well-taken.
 {¶ 35} For his second assignment of error, appellant asserts:
 {¶ 36} "IT WAS A VIOLATION OF THE PROHIBITION AGAINST EX POST FACTO LAW FOR THE COURT TO IMPOSE CONSECUTIVE SENTENCES IN THIS CASE."
 {¶ 37} This assignment of error has previously been asserted and rejected in numerous prior decisions of this court. See State v.Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695;State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 30;State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073, at ¶ 15;State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062, at ¶ 15;State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783, at ¶ 13-35.
 {¶ 38} This same argument has also been consistently rejected by other Ohio appellate districts and federal courts. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United *Page 11 States v. Portillo-Quezada (C.A. 10, 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 39} Appellant's second assignment of error is not well-taken.
 {¶ 40} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs in judgment only,
COLLEEN MARY OTOOLE, J., concurs with Concurring Opinion.