JOURNAL ENTRY AND OPINION
{¶ 1} For the second time, defendant-appellant Nadah Simmons appeals the sentence imposed upon him for his convictions on two counts of drug trafficking, one count of possession of drugs,[1] and one count of possession of criminal tools.
 {¶ 2} This court previously considered Simmons' convictions and sentence in State v. Simmons, Cuyahoga App. No. 86499, 2006-Ohio-4751
(Simmons I). Upon a review of the record, this court determined therein that, while no error occurred in finding Simmons guilty, Simmons' nine-year sentence had to be vacated in light of *Page 2 
the decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.[2]
Subsequently, the Ohio Supreme Court declined to hear Simmons' appeal from this court's decision in Simmons I. State v. Simmons,112 Ohio St.3d 1446, 2007-Ohio-152.
 {¶ 3} On remand, after considering the arguments presented by the parties at the resentencing hearing, the trial court imposed the same total term for Simmons' convictions as it had originally.
 {¶ 4} Simmons presents two challenges in this appeal to the trial court's decision to re-impose a total term of nine years for his four convictions. First, he argues that his sentence must be vacated because the trial court failed to pronounce on the record his sentence with respect to his conviction on Count Two. Second, he argues that his sentence must be vacated because the trial court failed to consider "mitigating evidence" which called for a reduction in the total term of sentence.
 {¶ 5} This court agrees with his first argument, but only in part. After a review of the transcript of the resentencing hearing, it appears that the court reporter misheard the trial court when it pronounced Simmons' concurrent nine-year sentence for his conviction on Count Two. This error in transcription, unfortunately, necessitates a resentencing hearing, but only as to the sentence imposed on Count Two. Simmons' second argument is rejected. *Page 3 
 {¶ 6} Consequently, his sentences as to Counts One, Three and Four are affirmed, and his sentence on Count Two is vacated. This case is remanded for resentencing on Count Two.
 {¶ 7} The record reflects that just prior to the resentencing hearing, Simmons filed a sentencing memorandum for the trial court to consider. Therein, Simmons sought to persuade the court that he deserved some mitigation of the original nine-year term.
 {¶ 8} When the case was called for hearing, the trial court noted it had reviewed Simmons' memorandum, and had "revisited" his sentence in light of Simmons I and additional "case law." The court then first permitted the prosecutor to address the facts of the case with respect to the "dictates of R.C. 2929.11 and 2929.12 * * *." The court then listened to Simmons' counsel's representation that Simmons was "not the same man who stood before [the court] two years ago," but, rather, had learned from his mistakes and could be a productive member of society. Finally, Simmons himself addressed the court.
 {¶ 9} The trial court, however, subsequently stated: *Page 4 
 {¶ 10} "Mr. Simmons, I get the opportunity to review your case anew, and to look at everything. And you were putting poison on the streets for quite some time.* * *"
 {¶ 11} The court explained that Simmons' actions "calculatedly undermined the system," and it considered that he had committed a "very serious offense," i.e., providing "very large amounts of heroin over a very long period of time, done in a calculated manner in this community."
 {¶ 12} Thus, according to the transcript of the hearing, the court "impose[d] a sentence on Count One to nine years (sic).
 {¶ 13} "Count Three of nine years.
 {¶ 14} "And Count Four six months.
 {¶ 15} "All those counts will run concurrent."
 {¶ 16} However, in light of the fact that Simmons by that time was indigent, the costs and fines were waived. The court informed Simmons of postrelease control prior to concluding the hearing. The journal entry of sentence indicates the court imposed a term of "9 years on each of counts 1, 2 and 3."
 {¶ 17} Simmons filed the instant appeal of his sentence and presents two assignments of error.
 "I. Appellant's right to due process and a fair sentencing hearing under the Fifth, Sixth and Fourteenth Amendments was violated when the trial *Page 5 court erred by imposing a nine-year prison sentence in its judgment entry that was not made on the record at the sentencing hearing.
 "II. Appellant's right to due process and fair (sic) sentencing hearing under the Fifth, Sixth and Fourteenth Amendments was violated when the trial court abused its discretion in failing to consider the mitigating evidence presented on Appellant's behalf at the sentencing hearing."
 {¶ 18} Simmons' two assignments of error are better addressed in reverse order, since in them he asserts his entire sentence is void for two reasons.
 {¶ 19} First, he argues that the trial court's decision to impose the same sentence imposed in Simmons I demonstrates, in itself, that the court failed to conduct a de novo hearing. Second, he contends that since the transcript demonstrates the trial court failed to pronounce separately his sentence on Count Two, it acted improperly in placing the sentence in its subsequent journal entry, and he is entitled to a completely new sentencing hearing on this ground as well. This court disagrees with his argument, and agrees with his contention only in part. In reviewing a sentence imposed for felony convictions, this court may take action only if it "clearly and convincingly finds" the sentence is "contrary to law." R.C. 2953.08(G)(2)(b). According to State v.Foster, supra at paragraph seven of the syllabus, trial courts retain "full discretion to impose a prison sentence within the statutory range." The Foster decision further stated that R.C. 2929.12 not only *Page 6 
permits the trial court to "determine the most effective way to comply with the purposes and principles of sentencing," but directs the trial court to consider any "relevant factors." Id. at T|37.
 {¶ 20} Simmons initially claims that his sentence must be vacated because the trial court failed to impose a lesser sentence in spite of evidence that he deserved consideration. As authority for his claim, Simmons cites State v. Taogaga, Cuyahoga App. No. 83505, 2004-Ohio-5594. That opinion is unpersuasive in this context.
 {¶ 21} It must be noted that Taogaga was decided beforeFoster, although this court stated therein that R.C. 2929.12 contained broad guidelines for a trial court to utilize in sentencing.Taogaga, 1{25. In addition, this court subsequently found the decision to be of little help in analysis of the defendant's further appeal.State v. Taogaga, 167 Ohio App.3d 775, 2006-Ohio-692. The case, therefore, is limited in precedential value.
 {¶ 22} In any event, nothing in the trial court's comments in the instant case indicates the court failed to give consideration to the mitigating evidence Simmons presented. State v. Schaffer, Portage App. No. 2006-P-0115, 2007-Ohio-6404, ¶ 33; State v. Smith, Ashtabula App. No. 2006-A-0082, 2007-Ohio-4772, ¶ 12; cf., State v. Gaston, Portage App. Nos. 2006-P-71,72, 2007-Ohio-6251, ¶¶ 22-26. Rather, despite Simmons' claims of remorse, the trial court questioned Simmons' sincerity and *Page 7 
deemed that it remained necessary to instill in him a sense of the seriousness of his behavior, and to protect the public from that behavior, by re-imposing a nine-year total term.
 {¶ 23} Since a term of nine years for a first-degree felony conviction is within the statutory range, this court cannot clearly and convincingly on this basis find Simmons' sentence is contrary to law. Consequently, Simmons' second assignment of error is overruled.
 {¶ 24} As to Simmons' first assignment of error, however, a review of the transcript of the resentencing hearing leads to the conclusion that, when the court stated its sentence as to Counts One and Two, the court reporter misheard, and ran the words together. Thus, most likely, the court stated, "Count One and Two, nine years."
 {¶ 25} Unfortunately, this court is constrained by what actually is contained in the record. State v. Howard, Cuyahoga App. No. 88532,2007-Ohio-2771, ¶ 7. Therefore, assumptions cannot be made, and the case must be remanded in order for Simmons to be present to hear his sentence on that count pronounced in open court pursuant to Crim.R. 43.
 {¶ 26} Nevertheless, the mistake does not render the entire sentence void, as Simmons contends. In State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, the supreme court addressed a trial court's failure to comply with its statutory duty to *Page 8 
provide notice of postrelease control at the sentencing hearing of a defendant convicted of only one offense. "When a defendant is convicted of or pleads guilty to one or more offenses" and the term to be imposed "is not properly included in a sentence for a particular offense," on the other hand, "[t]he offender is entitled to a new sentencing hearingfor that particular offense." Id. at ¶ 16 (Emphasis added).
 {¶ 27} The record in this case demonstrates the trial court complied with its statutory duties as to all but Count Two. Pursuant toBezak, only the sentence for that offense requires another hearing. Id. at ¶ 17; see also, State v Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245.
 {¶ 28} Based upon the foregoing, Simmons' first assignment of error is sustained only in part.
 {¶ 29} Simmons' sentences on Counts One, Three and Four are affirmed. His sentence on Count Two is vacated, and the case is remanded to the trial court to conduct a resentencing hearing on Count Two.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for rehearing and execution of sentence. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Simmons was convicted in these counts of trafficking in and possession of heroin in an amount between fifty and two hundred and fifty grams.
[2] Simmons I additionally instructed the trial court that, during the resentencing hearing, the court specifically had to inform Simmons he would be required to serve five years of postrelease control upon the completion of his sentence. Simmons does not argue in this appeal that the trial court failed to comply with this portion of the opinion. *Page 1